IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, : <br> : <br> Plaintiff, : <br> : CIVIL ACTION FILE <br> v. : <br> : NO. _____ <br> MONARCH RECOVERY : <br> MANAGEMENT, INC., a : <br> Pennsylvania corporation, : <br> : <br> Defendant. : <br> : | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff FREDERICK LUSTER is a resident of this State and is authorized by law to bring this action.

4. Defendant MONARCH RECOVERY MANAGEMENT, INC. is a corporation organized under the laws of the state of Pennsylvania. [Hereinafter said defendant is referred to as "MRM"].

5. MRM transacts business in this state and district.

6. MRM's transactions in this state and district give rise to Plaintiff's causes of action.

7. MRM is subject to the jurisdiction and venue of this Court.

8. MRM may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

9. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion. Specifically, the creditor on whose behalf the calls were placed may be added as a party and liable for the conduct of its agent.

## FACTS COMMON TO ALL CAUSES

10. Defendant uses the mails in its business.

11. Defendant uses telephone communications in its business.

12. The principle purpose of Defendant's business is the collection of debts.

13. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. Defendant attempted to collect an alleged obligation of a consumer to pay money to a business not a party to this litigation.

15. The alleged obligation of the consumer arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

16. The averment of the previous paragraph is supported by an admission by the defendant that the telephone calls at issue in the Complaint were an attempt to collect a debt.  Upon a reasonable opportunity for further investigation and discovery, the factual contentions will likely have further evidentiary support.

17. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

18. Defendant made and/or initiated telephone calls to Plaintiff's cellular telephone number.

19. In some of the telephone calls, Defendant used an artificial or prerecorded voice to deliver a message.

20. All of the telephone calls were initiated using a predictive dialer.

21. All of the telephone calls were initiated using software capable of predictive dialing.

22. All of the telephone calls were initiated using dialing software manufactured by Aspect Software, Inc.

23. The telephone calls to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

24. MRM's dialing equipment, in conjunction with its collection software, has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

25. MRM's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

26. MRM's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

27. MRM did not have the prior express consent of Plaintiff to initiate telephone calls to his cellular telephone number using an automatic telephone dialing system.

28. MRM did not have the prior express consent of Plaintiff to initiate telephone calls to his cellular telephone number using an artificial or prerecorded voice to deliver a message.

29. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

30. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

31. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

32. The telephone calls to Plaintiff's cellular telephone number were an attempt to collect to a debt.

33. The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

34. It was the intent of MRM to initiate the telephone calls to the cellular telephone number at issue.

35. The telephone calls were annoying to Plaintiff.

36. The natural consequence of repeated robocalls to a nondebtor is to harass, oppress or abuse the recipient of the telephone calls.

37. By initiating the telephone calls without Plaintiff's prior express consent in its attempts to collect a debt, MRM has taken an action that cannot legally be taken.

38. The telephone calls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

39. Defendant's telephone calls violate the Fair Debt Collection Practices Act.

40. Defendant's telephone calls violate the Telephone Consumer Protection Act.

41. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

42. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

43. Defendant's violations of the TCPA include, but are not limited to, the following:

44. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

45. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

46. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

47. The Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT**

48. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

49. Defendant's violations of the FDCPA include, but are not limited to, the following:

50. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d; and

51. Taking an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

52. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

    d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:    /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax